THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BEN CHRISTY, Defendant-Appellant.

Third District   No. 3—88—0741

Opinion filed September 5, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

Following a stipulated bench trial, the defendant, Ben Christy, was convicted of armed violence and kidnapping (Ill. Rev. Stat. 1987, ch. 38, pars. 33A–2, 10–1). The trial court sentenced him to concurrent extended-term sentences of 60 years in prison for armed violence and 14 years in prison for kidnapping. The defendant appeals.

The record shows that the victims, 14-year-old Shad Baldwin and 15-year-old Doug Hanabarger, were camping in a small tent on June 5, 1988, when they were awakened around 2 a.m. by the defendant. The defendant threatened them with a crowbar, overpowered them, and handcuffed them. He then took them about 450 feet from their tent, handcuffed them to a tree, and secured their feet to two dog chain anchors. Later, he packed their equipment and forced them to carry it, while handcuffed and tied with ropes, to a storage building about 1.7 miles away. Upon arriving at the storage building at dawn, he ordered them to take off their clothes and threatened to kill them if they did not comply. During the course of the day he held a knife to Hanabarger's throat and threatened to kill both boys on several occasions. He indicated to them that he had planned their abduction. He also talked about sex and told them that he had previously molested young children. Sometime in the evening of the same day, the defendant placed duct tape over their mouths and left to get some bread and water. The boys were able to work the tape loose and began yelling for help. A woman in a passing car stopped, discovered them, and called the police, who apprehended the defendant when he returned with the bread and water.

The defendant appeals his conviction and sentence for armed violence. Initially, he argues that the application of the armed violence statute in this case results in an unconstitutional dispropor-

tionate sentencing scheme, since kidnapping, a lesser-included offense of aggravated kidnapping, is used as the predicate felony for armed violence. Second, he argues that principles of statutory construction require that the more specific and more lenient aggravated kidnapping charge take precedence over the armed violence charge. We will confine our discussion to the defendant's first contention, since we find it dispositive of this issue.

We initially note that kidnapping, a Class 2 felony, is a lesser-included offense of aggravated kidnapping, a Class 1 felony, since aggravated kidnapping is a separate offense from kidnapping and requires the same elements as kidnapping plus the additional element of being armed with a dangerous weapon. (Ill. Rev. Stat. 1987, ch. 38, pars. 10—1, 10—2; *People v. Roberts* (1979), 71 Ill. App. 3d 124, 389 N.E.2d 596.) On the other hand, armed violence predicated on kidnapping is a Class X felony and requires exactly the same elements as aggravated kidnapping. Therefore, in the instant case, through the application of the armed violence statute, kidnapping is in effect enhanced to a Class X felony and is punished more severely than the greater felony of aggravated kidnapping.

The situation presented in this case is similar to that presented in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, and *People v. Wade* (1988), 167 Ill. App. 3d 921, 522 N.E.2d 285. In *Wisslead*, the defendant was charged with unlawful restraint and with armed violence based on the underlying felony of unlawful restraint. With the introduction of a weapon into the situation, unlawful restraint was enhanced to a Class X felony through the use of the armed violence statute. However, kidnapping was enhanced to aggravated kidnapping and was only punishable as a Class 1 felony. The defendant argued that unlawful restraint, a Class 4 felony, was a less serious offense than kidnapping, a Class 2 felony, and should therefore be punished less severely. The Illinois Supreme Court noted the constitutional mandate that all penalties should be determined according to the seriousness of the offense (Ill. Const. 1970, art. I, §11) and explained that this provision would be violated if the penalty prescribed for an offense was not as great or greater than the penalty prescribed for a less serious offense. The court then held that the sentences imposed for the offense of armed violence based on unlawful restraint with a category 1 weapon and for the more serious offense of aggravated kidnapping were unconstitutionally disproportionate.

In *Wade*, the defendant was charged with attempted armed robbery and with armed violence based on the underlying felony of intimidation. He argued that the armed violence statute was unconstitu-

tionally applied where intimidation, a lesser-included offense of armed robbery, was used as the predicate felony for armed violence. This court noted in *Wade* that both intimidation and attempted robbery had been classified by the legislature as Class 3 felonies. However, when the defendant possessed a weapon while committing the crime, intimidation was enhanced to a Class X felony through the use of the armed violence statute, whereas attempted robbery became attempted armed robbery and was a Class 1 felony. We found this to be an unconstitutionally disproportionate sentencing scheme since identical facts could render two different conclusions.

We find that the reasoning set forth in *Wisslead* and *Wade* controls the outcome of the instant case. We are aware that the fourth district in *People v. Moritz* (1988), 173 Ill. App. 3d 498, 527 N.E.2d 1102, recently reached the opposite conclusion. In *Moritz*, the defendant argued that his armed violence conviction predicated on kidnapping should be vacated because it involved exactly the same elements as the offense of aggravated kidnapping. The court rejected the defendant's argument and found *Wisslead* and *Wade* distinguishable in that the underlying felony for armed violence and aggravated kidnapping was the same, kidnapping.

We choose not to adopt the reasoning set forth in *Moritz*. We find insignificant the fact that the armed violence and aggravated kidnapping convictions were based on the same underlying felony. The supreme court's reasoning in *Wisslead* and our reasoning in *Wade* did not rest on that distinction. Aggravated kidnapping is a more serious offense than the lesser-included offense of kidnapping. Yet, under the circumstances of the instant case, kidnapping is being elevated to a more serious crime than aggravated kidnapping. It is illogical that identical facts can render two different conclusions. We find that the result is an unconstitutionally disproportionate sentencing scheme. We therefore vacate the defendant's armed violence conviction and sentence.

■ The next issue we address is whether the trial court erred in imposing an extended-term sentence for kidnapping where kidnapping was not the most serious offense of which the defendant was convicted. The State concedes that the 14-year extended-term sentence imposed upon the defendant for kidnapping was improper and must be vacated. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(5); *People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) We agree and therefore reduce the defendant's sentence for kidnapping to the maximum nonextended term of seven years in prison. 107 Ill. 2d R. 615(b)(4).

334

The judgment of the circuit court of Whiteside County convicting the defendant of armed violence and sentencing him to 60 years in prison is vacated, and the cause is remanded for resentencing based on the offense of aggravated kidnapping. The defendant's conviction for kidnapping is affirmed, but his 14-year extended-term sentence is reduced to the maximum nonextended term of seven years.

Vacated in part; affirmed in part and remanded.

STOUDER and BARRY, JJ., concur.