(No. 69329.—

THE PEOPLE OF THE STATE OF ILLINOIS, appellant, v. BEN CHRISTY, Appellee.

*Opinion filed November 21, 1990.*

MILLER, J., joined by RYAN, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield, and Gary L. Spencer, State's Attorney, of Morrison (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Jack Donatelli, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, John X. Breslin, and Nancy Rink Carter, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Catherine M. Fitzsimmons, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Defendant, Ben Christy, was charged by information in the circuit court of Whiteside County with one count of armed violence, two counts of kidnapping and one count of aggravated criminal sexual abuse in violation of sections 33A—2, 10—1(a)(1) and 12—16(a)(1) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 33A—2, 10—1(a)(1), 12—16(a)(1)). Following a bench trial, the circuit court found defendant guilty of armed violence predicated on kidnapping with a category I weapon (Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(b)) (hereinafter referred to as armed violence), a Class X felony (Ill. Rev. Stat. 1987, ch. 38, par. 33A—3(a)), and one count of kidnapping, a Class 2 felony (Ill. Rev. Stat. 1987, ch. 38, par. 10—1(c)). The circuit court sentenced defendant to concurrent extended-term sentences (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2) of 60 years in

174

prison for armed violence and 14 years in prison for kidnapping. Defendant appealed his conviction.

On appeal, the appellate court vacated defendant's conviction and sentence for armed violence and remanded the cause for sentencing on the offense of aggravated kidnapping (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)). The court reasoned that kidnapping is a lesser included offense of aggravated kidnapping, because aggravated kidnapping requires the same elements as kidnapping plus the additional element of being armed with a dangerous weapon. The court further reasoned that aggravated kidnapping, a Class 1 felony (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(b)(2)), requires the same elements as armed violence, a Class X felony. Based on the foregoing reasoning, the court held that the penalties are unconstitutionally disproportionate, because aggravated kidnapping is a more serious offense than the lesser included offense of kidnapping; yet, when armed violence is predicated on kidnapping with a category I weapon, kidnapping is, in effect, enhanced to a Class X felony and is punished more severely than aggravated kidnapping. 188 Ill. App. 3d 330.

The appellate court also affirmed defendant's conviction for kidnapping, but reduced his sentence to a non-extended maximum term of seven years in prison. The court reasoned and the State conceded that an extended-term sentence for kidnapping was improper, because kidnapping was not the most serious offense of which defendant was convicted. (188 Ill. App. 3d 330.) This court granted the State's petition for leave to appeal (107 Ill. 2d R. 315).

The issues presented for review are: (1) whether defendant waived the issue regarding the constitutionality of the statutory penalties for aggravated kidnapping and armed violence by failing to raise it in the circuit court; and, if not, (2) whether the penalties for aggra-

vated kidnapping and armed violence are proportionate penalties pursuant to article I, sections 2 and 11, of the 1970 Illinois Constitution.

On June 5, 1988, 14-year-old Shad Baldwin and 15-year-old Doug Hanabarger were camping in a tent near Rock Falls, Illinois. At approximately 2 a.m., defendant entered their tent, threatened them with a crowbar, overpowered them, handcuffed them and tied their feet. Defendant then took them from the tent, handcuffed them to a tree and secured their feet to two dog-chain anchors. After packing the boys' camping equipment, defendant forced them to carry the equipment to a storage building approximately 1.7 miles from the campsite.

Shortly after daylight, defendant and the two boys arrived at the storage building and entered one of the storage units. Defendant then forced the boys to remove their clothing and threatened to kill them if they did not. During the course of the day, defendant repeatedly threatened to kill the boys, held a steak knife with a serrated blade in excess of three inches to Hanabarger's throat, removed his own clothes and put on a tunic, talked about sex, asked the boys if they were virgins, told the boys that he had molested children, hugged the boys, and indicated that he planned their abduction. Later that evening, defendant gagged the boys with duct tape, tied their hands behind their backs, tied their feet together and to each other, tied ropes around each of their necks and tied these ropes to opposite ends of the storage unit. He then left to get bread and water.

While defendant was gone, the boys loosened the duct tape and began yelling for help. A female passerby heard the boys and stopped her car. She sent her 15-year-old granddaughter to call the police and assured the boys that she would not leave the storage unit.

Shortly thereafter, Deputy Sheriff Larry Isaacson of the Whiteside County sheriff's department arrived at the

storage unit. While attempting to enter the storage unit, Deputy Isaacson saw defendant peek around the corner of the storage building and flee. He then informed the responding police officers of his observation.

Officer Ken Carey of the Rock Falls police department saw defendant running through the storage building premises. Officer Carey exited his patrol car, ordered defendant to stop, pursued him when he did not stop and tackled defendant. Deputy Isaacson arrived immediately and assisted in handcuffing defendant. At this time, defendant handed Deputy Isaacson a key to the storage unit and said, "This is what you want." Defendant also told the police officers that he had a knife which belonged to one of the boys in his pocket. The police officers removed a hunting knife from defendant's pocket and also found a set of handcuff keys. Deputy Isaacson then returned to the storage unit and opened the door using the key defendant gave him. Upon opening the door, Deputy Isaacson saw the naked, bound and partially gagged boys.

The first issue presented for review is whether defendant waived the issue regarding the constitutionality of the statutory penalties for aggravated kidnapping and armed violence by failing to raise it in the circuit court. As a general rule, "a constitutional challenge to a statute can be raised at any time." (*People v. Bryant* (1989), 128 Ill. 2d 448, 454; see also *People v. Zeisler* (1988), 125 Ill. 2d 42, 46; *People v. Sarelli* (1973), 55 Ill. 2d 169, 170-71.) Accordingly, defendant did not waive the issue regarding the constitutionality of the statutory penalties for aggravated kidnapping and armed violence.

The second issue presented for review is whether the penalties for aggravated kidnapping and armed violence are proportionate penalties pursuant to article I, sections 2 and 11, of the 1970 Illinois Constitution.

Article I, sections 2 and 11, of the 1970 Illinois Constitution provides:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws" (Ill. Const. 1970, art. I, §2);

and:

"All penalties shall be determined *** according to the seriousness of the offense ***" (Ill. Const. 1970, art. I, §11).

These constitutional provisions mandate penalties which are proportionate to the offenses.

Kidnapping is defined as knowingly and secretly confining another against his will. (Ill. Rev. Stat. 1987, ch. 38, par. 10—1(a)(1).) Aggravated kidnapping is defined as the commission of kidnapping while armed with a dangerous weapon. (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(5).) Dangerous weapons are defined in section 33A—1 of the Code and include a "knife with a blade of at least 3 inches in length." (Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(b).) Accordingly, the commission of kidnapping while armed with a "knife with a blade of at least 3 inches in length" constitutes aggravated kidnapping, a Class 1 felony.

Armed violence is defined as the commission of *any felony* defined by Illinois law while armed with a dangerous weapon. (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2.) Dangerous weapons are divided into two categories (see Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(a)), and the commission of any felony with a category I weapon, such as a "knife with a blade of at least 3 inches in length," is a Class X felony (Ill. Rev. Stat. 1987, ch. 38, par. 33A—3(a)). Accordingly, the commission of kidnapping while armed with a "knife with a blade of at least 3 inches in length" also constitutes armed violence, a Class X felony.

Defendant argues that the penalties for aggravated kidnapping and armed violence are unconstitutionally disproportionate because each offense requires the same elements, yet armed violence is punished more severely than aggravated kidnapping. In support of his argument, defendant relies primarily on this court's decision in *People v. Wisslead* (1983), 94 Ill. 2d 190.

In *Wisslead*, the defendant argued that the penalties for armed violence predicated on unlawful restraint with a category I weapon and aggravated kidnapping were unconstitutionally disproportionate. The defendant reasoned that the underlying offenses of unlawful restraint and kidnapping are related. The defendant further reasoned that commission of the Class 4 felony of unlawful restraint with a category I weapon constitutes the Class X felony of armed violence, whereas commission of the Class 2 felony of kidnapping with a category I weapon only constitutes the Class 1 felony of aggravated kidnapping. *Wisslead*, 94 Ill. 2d at 194.

This court agreed with the defendant's reasoning and stated, "Since each offense is enhanced by the identical additional element, a gun, the lesser offense of unlawful restraint should not thereby become a graver offense than kidnaping." (*Wisslead*, 94 Ill. 2d at 195.) Thus, it was concluded that the penalties for armed violence predicated on unlawful restraint with a category I weapon and aggravated kidnapping were unconstitutionally disproportionate. *Wisslead*, 94 Ill. 2d at 196.

The State counters and argues that the penalties for aggravated kidnapping and armed violence are constitutionally proportionate. In support of its argument, the State relies on this court's decision in *People v. Wade* (1989), 131 Ill. 2d 370, and the appellate court's decision in *People v. Moritz* (1988), 173 Ill. App. 3d 498.

In *Wade*, the defendant argued that the penalties for armed violence predicated on intimidation with a cate-

gory I weapon and attempted armed robbery were unconstitutionally disproportionate. The defendant reasoned that the underlying offenses of intimidation and attempted robbery were based on the same conduct. The defendant further reasoned that commission of the Class 3 felony of intimidation with a category I weapon constitutes the Class X felony of armed violence, whereas commission of the Class 3 felony of attempted robbery with a category I weapon only constitutes the Class 1 felony of attempted armed robbery. *Wade*, 131 Ill. 2d at 376-77.

In response to the defendant's argument, this court stated that "it cannot be said that intimidation is a less serious offense than attempted robbery, or that the commission of intimidation while armed is a less serious offense than attempted armed robbery." (*Wade*, 131 Ill. 2d at 379.) Thus, the defendant's argument was reduced to "the claim that identically classified offenses may not be enhanced by the same circumstance to offenses of different classifications." *Wade*, 131 Ill. 2d at 379.

In response to this argument, this court determined that "the availability of different punishments for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process." (*Wade*, 131 Ill. 2d at 379.) Thus, it was held that the penalties for armed violence predicated on intimidation with a category I weapon and attempted armed robbery were constitutionally proportionate. *Wade*, 131 Ill. 2d at 379-80.

In *Moritz*, the defendant argued that the penalties for aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon were unconstitutionally disproportionate. (*Moritz*, 173 Ill. App. 3d at 502.) The defendant reasoned that aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon involve the same elements, yet

armed violence predicated on kidnapping with a category I weapon is punished more severely than aggravated kidnapping. *Moritz*, 173 Ill. App. 3d at 500.

The appellate court agreed that aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon "contain the same elements, no more and no less." (*Moritz*, 173 Ill. App. 3d at 502.) The court further determined that "[t]he only difference between the two charges is the penalty." (*Moritz*, 173 Ill. App. 3d at 502.) The court, however, held that the penalties for aggravated kidnapping and armed violence predicated on kidnapping with a category I weapon were constitutionally proportionate, because the ability to choose between them is a matter of "prosecutorial discretion." *Moritz*, 173 Ill. App. 3d at 505-06.

*Wisslead* and *Wade* are factually distinguishable from the present case. (See *Moritz*, 173 Ill. App. 3d at 504-05.) *Wisslead* addressed the proportionality of the two different penalties for two *different, but related,* offenses. Similarly, *Wade* addressed the proportionality of the two different penalties for two *different, but related,* offenses. The present case, however, involves the proportionality of the two different penalties for two *identical* offenses.

Furthermore, *Moritz* does not control the present case. Generally, prosecutorial discretion is a valuable aspect of the criminal justice system. (See *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 535-40.) In the present case, however, prosecutorial discretion will effectively nullify the aggravated kidnapping statute, as skilled State's Attorneys will usually seek the more severe sentence and, therefore, charge defendants with armed violence rather than aggravated kidnapping. An ineffective aggravated kidnapping statute is not what the legislature intended when it enacted both the armed violence and aggravated kidnapping statutes. As such,

we decline to accept the reasoning proffered by the appellate court in *Moritz*.

Having distinguished *Wisslead* and *Wade* and disposed of *Moritz*, we must still determine whether the penalties for aggravated kidnapping and armed violence are constitutionally proportionate. Upon review of the relevant statutory provisions it is apparent that the commission of kidnapping while armed with a "knife with a blade of at least 3 inches in length" constitutes *both* aggravated kidnapping and armed violence. Since the elements which constitute aggravated kidnapping and armed violence are identical, common sense and sound logic would seemingly dictate that their penalties be identical. Nevertheless, aggravated kidnapping is a Class 1 felony punishable by "not less than 4 years and not more than 15 years" in prison (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(4)), while armed violence is a Class X felony punishable by "not less than 6 years and not more than 30 years" in prison (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(3)). As the court below stated, "It is illogical that identical [offenses] can render two different [penalties]." (188 Ill. App. 3d at 333.) We, therefore, hold that the penalties for aggravated kidnapping and armed violence are unconstitutionally disproportionate.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Judgment affirmed.*

JUSTICE MILLER, dissenting:

In my view, the case at bar is indistinguishable from *People v. Wade* (1989), 131 Ill. 2d 370, and the principles expressed in that opinion are clearly applicable here. Consistent with *Wade*, I would hold that the defendant's conviction and sentence for the Class X felony of armed violence, based on the predicate felony of kidnapping, does not abridge the guarantee of sentencing proportion-

ality found in the Illinois Constitution (Ill. Const. 1970, art. I, §11), even though the same conduct could also have been prosecuted as the Class 1 felony of aggravated kidnapping.

As a preliminary matter, the majority holds that the defendant's supposed failure to raise in the circuit court his constitutional challenge to the armed violence conviction was not a procedural default. While the majority cites several cases in support of the proposition that such an argument may be raised at any time, the majority ignores other decisions that suggest a contrary rule. (See *People v. Fernetti* (1984), 104 Ill. 2d 19, 21-23; *People v. Myers* (1981), 85 Ill. 2d 281, 290-91.) That question need not be resolved in this case, however, for a review of the record reveals that the constitutional issue was adequately presented in the circuit court.

During a pretrial conference, the trial judge raised *sua sponte* the question whether there was any constitutional infirmity in the existence of differently classified offenses proscribing the same conduct. The judge did not rule on the matter at that time. At a later hearing, the judge distinguished this court's decision in *People v. Wisslead* (1983), 94 Ill. 2d 190, on the ground that *Wisslead* involved predicate offenses of different, rather than identical, classes. The judge expressed the view that the present case, involving predicate offenses of the same class, was essentially a matter of prosecutorial discretion. The defendant proceeded to trial on the armed violence charge, and he was convicted of that offense.

Although the defendant did not raise in his post-trial motion the constitutional claim presented here, he did argue that the prosecutor had abused his discretion in charging him with armed violence rather than aggravated kidnapping, and he asked that his conviction for armed violence be reduced accordingly. At the hearing on the post-trial motion, the trial judge let stand the

defendant's conviction for armed violence. Citing the appellate court's decision in *People v. Moritz* (1988), 173 Ill. App. 3d 498, which addressed the same issue, the judge explained that the prosecutor was free to charge either armed violence or aggravated kidnapping. The judge thus ruled that the conviction for the more serious offense was valid.

As the record demonstrates, the constitutionality of the defendant's conviction for armed violence was considered and resolved in the circuit court. Acting *sua sponte*, the trial judge posed the precise issue that is now before us. Although the defendant's post-trial motion did not explicitly challenge the armed violence conviction on constitutional grounds, the defendant did assert that the prosecutor had abused his discretion in charging that offense. In denying the post-trial motion, the trial judge relied on case law that rejected the same argument made here. I would conclude that the constitutional question presented here was adequately raised in the trial court. Contrary to the majority's view, we have no cause in this case to determine whether such a claim may never be procedurally defaulted.

Turning to the merits of the case, I do not agree with the court's conclusion that, for constitutional reasons, a defendant may be convicted of only the less serious crime when two differently classified offenses proscribe the same conduct. The majority purports to distinguish last year's decision in *Wade* on the ground that the predicate felonies in *Wade* were *"different, but related,* offenses,"* while the predicate felonies in the present case are "two *identical* offenses" (emphasis in original) (139 Ill. 2d at 180). The distinction drawn by the court is an unwarranted one, however. That the same offense may serve as the predicate for an enhanced charge under both the armed violence and aggravated kidnapping statutes is but a variation on the established rule that crimi-

nal offenses may overlap and that the same conduct may violate more than one statutory proscription. Trial and conviction of the present defendant on the more serious offense simply confirms the measure of discretion the legislature has granted prosecutors in deciding what crimes to charge.

In *Wade* we rejected the argument that "identically classified offenses may not be enhanced by the same circumstance to offenses of different classifications." (131 Ill. 2d at 379.) Citing the Supreme Court's decision in *United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198, and this court's decision in *People v. McCollough* (1974), 57 Ill. 2d 440, we reasoned that "the availability of different punishments for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process." (131 Ill. 2d at 379.) In addition, we noted that the legislature enjoys broad power to define criminal offenses and to prescribe penalties for those violations. (131 Ill. 2d at 379, citing *People v. Upton* (1986), 114 Ill. 2d 362, 373.) Although the "identically classified [predicate] offenses" presented for comparison in *Wade* were indeed different felonies, it is clear that the same conduct was thought to underlie each one. Having determined in *Wade* that identically classified offenses, though based on the same conduct, may be enhanced to offenses of different classifications, we should now hold that the same offense may itself serve as the predicate for differently classified offenses, in the absence of the legislature's expression of a contrary design.

As *Wade*'s citations to *Batchelder* and *McCollough* make clear, *Wade* was not the first case to consider the validity of overlapping criminal statutes that prohibited identical conduct. *Batchelder* involved two Federal statutes that both proscribed the receipt of a firearm by a

convicted felon. The Supreme Court found no statutory or constitutional impediment to conviction and sentencing of the defendant under the statute that allowed imposition of the longer term of imprisonment. Of significance here, the Court held that the overlapping statutes were not unconstitutionally vague even though they authorized different punishments for identical conduct. The Court stated:

"Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." *Batchelder*, 442 U.S. at 123, 60 L. Ed. 2d at 764, 99 S. Ct. at 2204.

In addition, the *Batchelder* Court ruled that the discretion afforded to the prosecutor by the existence of the two provisions did not offend the constitutional guarantees of equal protection or due process. The Court noted that it had "long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants" (442 U.S. at 123-24, 60 L. Ed. 2d at 764, 99 S. Ct. at 2204) and rejected the view of the court of appeals in that case that a different rule should apply to overlapping statutes that require proof of the same elements. The Court explained:

"[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from

the one he faces in the latter context." (*Batchelder*, 442 U.S. at 125, 60 L. Ed. 2d at 765, 99 S. Ct. at 2205.)

It was therefore within the prosecutor's discretion to decide which of the two identical provisions would form the basis for the prosecution.

In *McCollough*, this court similarly found no constitutional infirmity in the existence of the overlapping offenses of reckless homicide and involuntary manslaughter, which provided different penalties for the same conduct, the reckless operation of a motor vehicle causing the death of another person. The court dismissed the argument that the existence of the two provisions allowed the prosecutor undue discretion in determining which offense to charge, reasoning that prosecutors customarily exercise discretion in evaluating evidence and determining what charges to bring. Rejecting a related contention, the court observed that an accused may not normally be heard to complain of standing trial for a particular offense though the same conduct could be punished less severely under a different charge. The court considered that the legislature, in establishing the distinct offenses of reckless homicide and involuntary manslaughter, may well have believed that the overlapping provisions, with their different punishments, would enable a prosecutor to tailor the charge to the circumstances of the particular case. *McCollough*, 57 Ill. 2d at 444-45.

*Batchelder, McCollough,* and *Wade* found no constitutional infirmity in the legislature's provision of separate offenses proscribing the same conduct. Those decisions recognized that such statutory overlap simply affords the prosecutor discretion in determining which offense to charge. As the *McCollough* court noted, "The kind of determination committed to the discretion of the State's Attorney by the statute in this case is the same kind of discretion that is committed to him with respect to a

host of other offenses, and is exercised by him every day." (*McCollough*, 57 Ill. 2d at 444.) Such discretion serves a useful function and, until today's decision, was not thought to be unconstitutional.

I would also reject the defendant's alternative contention, not addressed by the majority, that prosecution under the armed violence statute must be barred here as a matter of statutory interpretation. Invoking two familiar rules, the defendant asserts that the aggravated kidnapping statute, as the more lenient and more specific provision, must take precedence over the armed violence statute. The present case demonstrates that the provisions share kidnapping as a predicate felony and thus overlap to that degree. There is ample reason, however, to suppose that the legislature intended the two statutes to coexist, affording prosecutors greater discretion in the charging process.

It is certainly true that ambiguities in criminal statutes will be resolved in favor of lenity. (*United States v. Bass* (1971), 404 U.S. 336, 347, 30 L. Ed. 2d 488, 496, 92 S. Ct. 515, 522; *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 560-61.) The present statutes, however, pose no ambiguity requiring such treatment. Unambiguous language will be given effect "without resort to supplementary principles of statutory construction." (*People v. Singleton* (1984), 103 Ill. 2d 339, 341.) The language used in the armed violence, aggravated kidnapping, and kidnapping statutes is clear on this point (see Ill. Rev. Stat. 1987, ch. 38, pars. 10–1 (kidnapping), 10–2 (aggravated kidnapping), 33A–2 (armed violence)), permitting prosecution for either enhanced offense, and therefore we have no occasion in the present case to rely on the rule of lenity. Similarly, the provisions at issue here may be read together in a consistent manner, and thus we have no cause to resort to the rule that favors a more specific provision over a more general one. *Cf. People v. Haron*

(1981), 85 Ill. 2d 261, 278 (if conflict exists between specific and general statutes, specific one may take precedence).

To be sure, this court has previously construed the armed violence statute to bar the use of certain felonies as the predicate offense for that charge. Thus, the court has held that armed violence may not be based on a felony that is itself enhanced, because of the presence of a weapon, from another felony (*People v. Del Percio* (1985), 105 Ill. 2d 372) or from a misdemeanor (*Haron*, 85 Ill. 2d 261). In addition, the court has held that a charge of armed violence may not be predicated on either voluntary manslaughter (*People v. Alejos* (1983), 97 Ill. 2d 502) or involuntary manslaughter (*People v. Fernetti* (1984), 104 Ill. 2d 19), because application of the armed violence statute to the essentially unpremeditated conduct constituting those offenses would not advance the deterrent or retributive purposes of the armed violence statute.

The concerns animating the decisions in *Del Percio*, *Haron*, *Alejos*, and *Fernetti* are absent here. The present defendant abducted two youths from their campground and held them captive for 18 hours. The predicate offense for the defendant's armed violence conviction is the unenhanced felony of kidnapping, and the defendant's actions in threatening one of the victims with a knife during the period of confinement supply the aggravating element. Conduct of this nature surely is what the legislature intended to deter—and to punish—when it enacted the armed violence statute, and I would sustain the defendant's Class X conviction for that offense.

For the reasons stated, I respectfully dissent.

JUSTICE RYAN joins in this dissent.