NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

              Docket No. 80318--Agenda 10--September 1996.

    THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. KELVIN LEWIS,

                                Appellee.

                    Opinion filed December 19, 1996.

                                    

                                    

     JUSTICE McMORROW delivered the opinion of the court:

     At issue in this case is whether the statutory penalties for

armed robbery (720 ILCS 5/18--2 (West 1994)) and armed violence

predicated on robbery committed with a category I weapon (720 ILCS

5/33A--1 (West 1994)) are proportionate penalties pursuant to

article I, section 11, of the 1970 Illinois Constitution. The

circuit court, in a ruling dismissing a count of armed violence

predicated on robbery committed with a category I weapon, concluded

that the penalties are unconstitutionally disproportionate. The

State appealed directly to this court. 134 Ill. 2d R. 603. For the

reasons which follow, we affirm the decision of the circuit court.

                                Background

     Defendant, Kelvin Lewis, was charged by information in the

circuit court of Cook County with one count of robbery (720 ILCS

5/18--1 (West 1994)), one count of armed violence predicated on

robbery committed with a category I weapon (720 ILCS 5/33A--1 (West

1994)), and one count of armed robbery (720 ILCS 5/18--2 (West

1994)). The charging instrument alleges that on June 24, 1995,

defendant displayed a handgun and took from the victim, by threat

of imminent use of force, a radar detector and a compact disc

player. All three counts in the information are based on this

single incident.

     On November 28, 1995, defendant filed a pretrial motion to

dismiss the armed violence count of the information. In his motion,

defendant contended that he could not be charged with armed

violence predicated on robbery committed with a category I weapon,

such as a handgun, because the penalty for that offense violates

the proportionate penalties clause of the Illinois Constitution.

That clause provides:

               "All penalties shall be determined *** according to

          the seriousness of the offense *** ." Ill. Const. 1970,

          art. I, §11.

     The circuit court agreed. The circuit court noted that the

substantive elements of armed violence, where predicated on robbery

committed with a category I weapon, and armed robbery, are

identical. Yet, armed violence committed with a category I weapon

carries a mandatory minimum sentence of 15 years, while armed

robbery carries only a 6-year mandatory minimum sentence. Relying

on this court's decision in People v. Christy, 139 Ill. 2d 172

(1990), the circuit court concluded that the penalties for the two

offenses are unconstitutionally disproportionate and, accordingly,

dismissed the armed violence count. Subsequently, the State moved

to have the case removed from the call of the circuit court's

docket pending the outcome of this appeal. The circuit court

granted the motion and the State's appeal followed.

                                 Analysis

     We begin our analysis with the pertinent statutes. The armed

violence statute provides:

               "§33A--1. Definitions.

               (a) `Armed with a dangerous weapon'. A person is

          considered armed with a dangerous weapon for purposes of

          this Article, when he or she carries on or about his or

          her person or is otherwise armed with a Category I,

          Category II, or Category III weapon.

               (b) A Category I weapon is a handgun ***." 720 ILCS

          5/33A--1 (West 1994).

               "§33A--2. Armed violence--Elements of the offense.

          A person commits armed violence when, while armed with a

          dangerous weapon, he commits any felony defined by

          Illinois Law." 720 ILCS 5/33A--2 (West 1994).

               "§33A--3. Sentence.

               (a) Violation of Section 33A--2 with a Category I

          weapon is a Class X felony for which the defendant shall

          be sentenced to a minimum term of imprisonment of 15

          years." 720 ILCS 5/33A--3 (West 1994).

     The robbery statute provides:

               "§18--1. Robbery.

               (a) A person commits robbery when he or she takes

          property, except a motor vehicle covered by Section 18--3

          or 18--4, from the person or presence of another by the

          use of force or by threatening the imminent use of force.

               (b) Sentence.

               Robbery is a Class 2 felony." 720 ILCS 5/18--1 (West

          1994).

     The armed robbery statute provides:

               "§18--2. Armed Robbery.

               (a) A person commits armed robbery when he or she

          violates Section 18--1 while he or she carries on or

          about his or her person, or is otherwise armed with a

          dangerous weapon.

               (b) Sentence.

               Armed robbery is a Class X felony." 720 ILCS 5/18--2

          (West 1994).

     Before this court, defendant relies upon the reasoning given

by the circuit court. Defendant notes the disparity between the

penalties for armed violence predicated on robbery committed with

a category I weapon and armed robbery, and contends that this

court's decision in Christy compels the conclusion that the

penalties for the two offenses are unconstitutionally

disproportionate.

      In Christy, the defendant abducted two teenage boys from a

campsite in the middle of the night and took them to a storage

building where he held them captive for several hours. The

defendant repeatedly threatened to kill his victims and, at one

point, held a large steak knife to the throat of one of the boys.

After trial, the defendant was convicted of one count of kidnapping

and one count of armed violence predicated on kidnapping with a

category I weapon, specifically, a "knife with a blade of at least

3 inches in length." Upon review, the appellate court vacated

defendant's conviction and sentence for armed violence and remanded

for sentencing on the offense of aggravated kidnapping.

     This court affirmed the appellate court's decision. The court

observed that the commission of kidnapping while armed with a

"knife with a blade of at least 3 inches in length" constituted

armed violence committed with a category I weapon. Under the armed

violence statute as it then existed, this offense was a Class X

felony, punishable by not less than 6 years and not more than 30

years in prison. However, the commission of kidnapping while armed

with a "knife with a blade of at least 3 inches in length" also

constituted aggravated kidnapping. This offense was only a Class 1

felony, punishable by not less that 4 years and not more than 15

years in prison. The court concluded that it was against "common

sense and sound logic" for identical offenses to render two

different penalties. Accordingly, the court held that the penalties

for aggravated kidnapping and armed violence predicated on

kidnapping with a category I weapon were unconstitutionally

disproportionate. Christy, 139 Ill. 2d at 181.

     The Christy court rejected the State's argument that the

penalties for the offenses at issue could be upheld on the grounds

that "the ability to choose between them is a matter of

`prosecutorial discretion.' " Christy, 139 Ill. 2d at 180. In

rejecting this contention, the court noted:

          "Generally, prosecutorial discretion is a valuable aspect

          of the criminal justice system. [Citation.] In the

          present case, however, prosecutorial discretion will

          effectively nullify the aggravated kidnapping statute, as

          skilled State's Attorneys will usually seek the more

          severe sentence and, therefore, charge defendants with

          armed violence rather than aggravated kidnapping. An

          ineffective aggravated kidnapping statute is not what the

          legislature intended when it enacted both the armed

          violence statute and aggravated kidnapping statutes."

          Christy, 139 Ill. 2d at 180.

     We agree with defendant that the holding of Christy governs

our analysis in the case at bar. Here, we consider the relationship

of three statutory offenses: robbery, armed robbery and armed

violence. Robbery, a felony offense, is defined as the taking of

property, except a motor vehicle, from the person or presence of

another by the use of force or by threatening the imminent use of

force. 720 ILCS 5/18--1 (West 1994). Armed robbery is defined as

the commission of robbery while carrying or otherwise being armed

with a dangerous weapon. 720 ILCS 5/18--2 (West 1994). The parties

do not dispute that a handgun is a dangerous weapon for purposes of

the armed robbery statute. Accordingly, the commission of robbery

while armed with a handgun constitutes armed robbery, a Class X

offense punishable by an unextended term sentence ranging from 6 to

30 years' imprisonment. 730 ILCS 5/5--8--1(a)(3) (West 1994).

     Armed violence is defined as the commission of any felony

defined by Illinois law while armed with a dangerous weapon. 720

ILCS 5/33A--2 (West 1994). Dangerous weapons are divided into three

categories (720 ILCS 5/33A--1 (West 1994)) and the commission of

any felony with a category I weapon, such as a handgun, is a Class

X offense punishable by an unextended term sentence ranging from 15

to 30 years' imprisonment. 720 ILCS 5/33A--3(a) (West 1994).

Accordingly, the commission of robbery while armed with a handgun

also constitutes armed violence, an offense punishable by a

mandatory minimum term of 15 years' imprisonment. Thus in this

case, as in Christy, we are presented with two substantively

identical offenses which, illogically, are punished with disparate

penalties. Therefore, in accordance with the principles of Christy,

we conclude that the circuit court was correct in finding that the

penalty for armed violence predicated on robbery committed with a

category I weapon violates the proportionate penalties clause.

     The State does not dispute the relevance of Christy to the

instant appeal but, instead, urges this court to overrule that

decision. The State offers two major reasons for doing so. First,

the State asserts that the Christy court erred in using the

proportionality clause to scrutinize penalty provisions created by

the legislature. According to the State, the framers of the 1970

Constitution never intended for the proportionality clause to be

applied against legislative enactments. Rather, it was meant to be

used only as a check on judicially imposed penalties. Second, the

State maintains that the proportionality clause does not permit a

proportionality review which involves the comparison of different

statutes and, further, that any such review violates the separation

of powers doctrine (Ill. Const. 1970, art. II, §1). We disagree

with each contention.

     This court has long held that the proportionality clause

requires "the legislature, in defining crimes and their penalties,

to consider the constitutional goal[ ] *** of providing a penalty

according to the seriousness of the offense." (Emphasis added.)

People v. Taylor, 102 Ill. 2d 201, 206 (1984); People v. Hamm, 149

Ill. 2d 201, 219 (1992); see also People v. Elliott, 272 Ill. 592,

599 (1916) (proportionate penalties clause in the 1870 Illinois

Constitution also applied to legislature). Despite extensive

citation to the debates of the Sixth Illinois Constitutional

Convention, the State has failed to offer any evidence that the

framers intended to limit the reach of the proportionate penalties

clause to the judiciary. Indeed, as defendant points out, the only

discussion in the debates regarding the applicability of the clause

to the legislature indicates that it was meant to be binding upon

legislative enactments. See 3 Record of Proceedings, Sixth Illinois

Constitutional Convention 1393 (comments of Delegates Kamin and

Foster). Accordingly, we adhere to the firmly established principle

that the proportionate penalties clause may act as a restriction on

the power of the legislature to establish criminal penalties.

     The State next contends that even if the proportionality

clause is applicable to the legislature, it does not permit the

judiciary to engage in a proportionality review which involves the

comparison of different statutes and their penalties. According to

the State, the proportionality clause only allows a court to

compare, in isolation, the gravity of a particular offense with the

severity of the penalty imposed for that offense. Any

proportionality review which compares different statutes, the State

argues, is an "aberration" from this "traditional" method of

review.

     Contrary to the State's assertions, the general practice of

comparing different offenses and their respective penalties is an

accepted part of this court's proportionality review. See, e.g.,

People v. Bailey, 167 Ill. 2d 210, 236-37 (1995) (comparing the

offense of stalking with assault and disorderly conduct); People v.

Lee, 167 Ill. 2d 140, 146-47 (1995) (comparing aggravated battery

with other battery offenses); People v. Hickman, 163 Ill. 2d 250,

260 (1994) (comparing criminal drug conspiracy with calculated

criminal drug conspiracy); People v. Johns, 153 Ill. 2d 436, 447-49

(1992) (comparing various sections of the Illinois Vehicle Code);

People v. Hamm, 149 Ill. 2d 201, 218-20 (1992) (comparing licensing

provisions of the Illinois Fish Code with similar provisions in the

Illinois Vehicle Code); People v. Simmons, 145 Ill. 2d 264, 271-72

(1991) (comparing offense of operating a vehicle without liability

insurance with other offenses in the criminal code); People v.

Morris, 136 Ill. 2d 157, 163-68 (1990) (comparing various offenses

under Illinois Vehicle Code). The State's argument that the

proportionality clause does not permit a court to compare different

offenses for purposes of proportionality review runs counter to

this considerable weight of authority. Accordingly, we reject this

contention.

     Similarly unpersuasive is the State's assertion that a

proportionality review which involves comparing different statutes

violates separation of powers principles. The State's argument on

this point is addressed specifically to those situations in which

a court examines and compares offenses which it considers to be

similar. According to the State, a court must subjectively

determine the gravity of the offenses under consideration in order

to deem them similar for purposes of review. In this way, the State

argues, the court inappropriately second--guesses the legislature

and violates the separation of powers doctrine. We disagree. The

comparison of similar statutes and their penalties helps impose a

measure of objectivity upon the process of proportionality review

which, if restricted to comparing a single offense and its penalty,

would otherwise be lacking. See generally J. Friessen, State

Constitutional Law: Litigating Individual Rights, Claims, and

Defenses §13--4(a)(2) (2d ed. 1996). Indeed, the large number of

decisions of this court which have employed a proportionality

review involving the comparison of similar statutes is an

indication of the utility and acceptance of this type of analysis.

Therefore, we decline to find any separation of powers problem with

this general practice.

     Furthermore, the proportionality analysis employed in Christy

is even less troublesome than the general cross-comparison type of

review discussed above because under Christy, a court compares

identical offenses, rather than merely similar ones. A court

employing the Christy analysis does not make any subjective

determinations regarding the gravity of an individual offense or

the severity of the penalty imposed for that offense. Instead, the

court relies exclusively on the express legislative pronouncements

under review. The court compares identical offenses, as defined by

the same legislative body, with their respective penalties, again,

as given by the same legislative body. Thus, under the Christy

analysis, there is no risk that the judiciary will second-guess the

legislature or otherwise violate separation of powers principles.

Indeed, far from rendering the judiciary a "superlegislature," as

the State argues, the proportionality review employed in Christy is

the most objective and deferential type of review available to the

courts. For these reasons, we decline to overrule Christy.

     The State maintains that even if Christy is not overruled, the

circuit court's decision should nevertheless be reversed. The State

contends that by dismissing the armed violence count at the

pretrial stage, the circuit court improperly usurped the

prosecutor's power and discretion to evaluate the evidence and

determine what offense or offenses should be charged. As noted

above, this argument was expressly rejected in Christy. Christy,

139 Ill. 2d at 180. We see no reason to depart from Christy on this

point.

     In addition, we believe that the State's argument regarding

prosecutorial discretion misconstrues the nature of defendant's

challenge to the armed violence statute. Defendant does not allege

that the selection of charges in this case was merely an improper

use of prosecutorial discretion. Rather, in a more fundamental

attack, defendant asserts that the mandatory minimum penalty for

armed violence predicated on robbery committed with a category I

weapon violates the proportionality clause, and therefore, that the

State's Attorney had no authority, discretionary or otherwise, to

charge that offense.

     In light of defendant's challenge, our constitutionally

required task is to examine the armed violence sentencing scheme

and determine whether it provides a proportionate penalty for the

offense at issue. Employing the most objective method of

proportionality review available reveals that it does not. Because

the mandatory minimum penalty for armed violence predicated on

robbery committed with a category I weapon violates the

constitutional guarantee of proportionate sentencing, the State's

Attorney had no authority to charge that offense. See, e.g., People

v. Hamm, 149 Ill. 2d 201, 218-20 (1992). It is a truism that the

circuit court cannot usurp an authority which the State's Attorney

does not have. Therefore, the State's argument must necessarily

fail.

     In a related, and final, argument, the State contends that the

circuit court's ruling should be reversed because, as of yet, there

has been no adjudication of guilt and no sentencing. According to

the State, defendant has not been harmed by any deficiency in the

penalty provisions of the armed violence statute at this stage of

the proceedings. Therefore, the State argues, the circuit court's

ruling regarding those provisions was premature. We disagree. This

court has repeatedly considered the proportionality of penalty

provisions in the pretrial posture. See Bailey, 167 Ill. 2d at 234-

37; People v. Farmer, 165 Ill. 2d 194, 209-10 (1995); Johns, 153

Ill. 2d at 447-49; Hamm, 149 Ill. 2d at 218-20; Simmons, 145 Ill.

2d at 269-72. The State has not addressed these cases or suggested

any reason why we should depart from the principles which they

embody. Accordingly, we decline to do so.

     Summarizing, we hold that the penalties for armed violence

predicated on robbery committed with a category I weapon and armed

robbery are unconstitutionally disproportionate. In so holding, we

note that the State is not precluded from proceeding against

defendant on the armed robbery charge. Because armed robbery is a

Class X felony, if defendant is ultimately convicted, the

sentencing range available to the judge will be from 6 to 30 years'

imprisonment.

     For the foregoing reasons we affirm the decision of the

circuit court.

Affirmed.

     JUSTICE MILLER, dissenting:

     I do not agree with the majority's conclusion that the

sentences authorized for the two offenses at issue in this case,

taken together, violate the proportionality clause found in article

I, section 11, of the Illinois Constitution (Ill. Const. 1970, art.

I, §11). In my view, the availability of different sentences for

the same misconduct is simply a matter of legislative judgment and

not violative of article I, section 11, of the Illinois

Constitution.

     As the majority opinion recounts, armed robbery is a Class X

felony, punishable by a term of imprisonment of between 6 and 30

years. 720 ILCS 5/18--2(b); 730 ILCS 5/5--8--1(a)(3) (West 1994).

Armed violence predicated on robbery committed with a category I

weapon, such as a handgun, is also a Class X felony but is

punishable by a term of 15 to 30 years' imprisonment. 720 ILCS

5/33A--3(a); 730 ILCS 5/5--8--1(a)(3) (West 1994). The majority

believes that the existence of different ranges of penalties for

the two offenses, which may be based on the same underlying

misconduct, violates the proportionality clause of the

constitution. I do not agree.

     Article I, section 11, provides:

               "All penalties shall be determined both according to

          the seriousness of the offense and with the objective of

          restoring the offender to useful citizenship. No

          conviction shall work corruption of blood or forfeiture

          of estate. No person shall be transported out of the

          State for an offense committed within the State."

This provision is the successor to article II, section 11, of the

Illinois Constitution of 1870, which provided, in pertinent part,

"All penalties shall be proportioned to the nature of the offense

***." Ill. Const. 1870, art. II, §11. The adjuration in the present

constitution to determine "[a]ll penalties *** according to the

seriousness of the offense" is customarily referred to as the

proportionate penalties clause, even though the term "proportioned"

appears nowhere in it.

     The proper scope and operation of this portion of article I,

section 11, was recently described in People v. Farmer, 165 Ill. 2d

194, 209-10 (1995), in which this court explained:

          "While this provision places some restraint on the right

          of the legislature to establish penalties for crimes

          (People v. Simmons (1991), 145 Ill. 2d 264, 270), this

          court has repeatedly stated that `the constitutional

          command that "penalties shall be proportioned to the

          nature of the offense" would justify interference with

          the legislative judgment only if the punishment was

          "cruel," "degrading" or "so wholly disproportionate to

          the offense committed as to shock the moral sense of the

          community." ' (People v. Gonzales (1962), 25 Ill. 2d 235,

          240, quoting People ex rel. Bradley v. Illinois State

          Reformatory (1894), 148 Ill. 413, 421-22; ***.)"

     In my view, the proportionate penalties language of article I,

section 11, does not preclude the legislature from defining

offenses that share the same elements but authorize different

penalties. If the potential punishment for each offense alone

passes muster under that provision, I do not believe that the

punishments, when considered together, can be deemed

unconstitutionally disproportionate, even though their underlying

offenses are based on the same misconduct. A sentence must be

judged not simply in relation to another number--"15 is greater

than 6"--but in relation to an offense. Here, if the sentence for

each offense, standing alone, is constitutionally valid, then

neither sentence should be considered disproportionate simply

because one exceeds the other. The sentences might be subject to

challenge on some other ground, but not as disproportionate

penalties. In the present case, the majority makes no effort to

establish that the penalty for armed violence committed with a

category I weapon is disproportionate to that offense.

     It might be thought that the existence of separate offenses

and their distinct penalties allows the prosecutor undue authority

in determining which offense to charge, but similar forms of

prosecutorial discretion have generally been upheld against

constitutional challenge. See People v. Bailey, 167 Ill. 2d 210,

234-36 (1995); People v. Wade, 131 Ill. 2d 370, 379 (1989); People

v. McCollough, 57 Ill. 2d 440, 444 (1974); see also United States

v. Batchelder, 442 U.S. 114, 124-25, 60 L. Ed. 2d 755, 765-66, 99

S. Ct. 2198, 2204-05 (1979). A contrary result was reached in

People v. Christy, 139 Ill. 2d 172 (1990), on which the majority in

this case principally relies; I dissented in Christy, and I

continue to believe that that decision was wrong.

     JUSTICE NICKELS joins in this dissent.