First Division
August 6, 2007

No. 1-05-2058

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | |
| | ) | 00 CR 26997-03 |
| FLOYD CUMMINGS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | Honorable |
| | ) | Joseph G. Kazmierski, Jr., |
| | ) | Judge Presiding. |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

Defendant, Floyd Cummings, appeals from the summary dismissal of his petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). He contends that his sentence of natural life imprisonment for armed robbery must be vacated because it violates the proportionate penalties clause of the Illinois Constitution. For the reasons that follow, we affirm.

We have sufficiently detailed the facts of this case in our previous opinion in defendant's direct appeal, *People v. Cummings*, 351 Ill. App. 3d 343 (2004), and will therefore recite only those facts necessary to dispose of the issues raised here. Following a jury trial in 2002, defendant was found guilty of armed robbery. The evidence adduced at defendant's trial showed that he and two codefendants robbed a Subway sandwich shop while armed with a baseball bat. During the robbery, defendant used duct tape to bind the hands, legs, and eyes of a store employee, and a codefendant testified that defendant used the baseball bat to smash the television monitors and videocassette recorder in the store's office. At sentencing, the trial court heard

evidence that defendant had previously been convicted of murder in 1967 and armed robbery in 1984. Based on these prior convictions, the trial court adjudged defendant an habitual criminal and sentenced him to a term of natural life imprisonment pursuant to the Habitual Criminal Act. See 720 ILCS 5/33B-1 (West 2000).

On direct appeal, defendant claimed that his sentence for armed robbery was unconstitutional because armed robbery and armed violence predicated on robbery committed with a category III weapon were identical offenses that had disproportionate penalties. *Cummings*, 351 Ill. App. 3d at 346. Defendant pointed out that armed robbery was a Class X felony punishable by 6 to 30 years' imprisonment (see 720 ILCS 5/18-2(b) (West 2000)), while the identical offense of armed violence predicated on robbery with a category III weapon was a Class 2 felony punishable by three to seven years' imprisonment (see 720 ILCS 5/33A-1(c)(3) (West 2000)). *Cummings*, 351 Ill. App. 3d at 346. Defendant argued that although he was not charged with or convicted of armed violence, he should be sentenced to three to seven years' imprisonment for the Class 2 offense of armed violence predicated on robbery with a category III weapon. *Cummings*, 351 Ill. App. 3d at 346.

We disagreed and found that defendant's sentence of natural life imprisonment for armed robbery was not unconstitutionally disproportionate. *Cummings*, 351 Ill. App. 3d at 349. We initially noted that, unlike the defendants in *People v. Christy,* 139 Ill. 2d 172 (1990) and *People v. Lewis*, 175 Ill. 2d 412 (1996), upon which defendant relied, defendant was not charged with the lesser offense of armed violence or robbery but, rather, with the greater offense of armed robbery, and that the State was not required to proceed on a lesser offense when its evidence was sufficient

2

to support conviction on a greater offense. *Cummings*, 351 Ill. App. 3d at 347-48. We also noted that unlike the defendants in *Lewis* and *Christy*, defendant was an habitual offender whose sentence was based not only on the armed robbery conviction but also on his history of committing violent Class X offenses. *Cummings*, 351 Ill. App. 3d at 348. We pointed to the Supreme Court's decision in *Ewing v. California*, 538 U.S. 11, 29, 155 L. Ed. 2d 108, 122-23, 123 S. Ct. 1179, 1189-90 (2003), where the Court recognized that where a defendant is punished under a recidivism statute, the defendant's criminal background must be considered when addressing his claim that his sentence is disproportionate. *Cummings*, 351 Ill. App. 3d at 348-49. We specifically quoted the following section from the opinion in *Ewing*:

> "In weighing the gravity of Ewing's offense, we must place on the scales not only his current felony, but also his long history of felony recidivism. Any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions. In imposing a three strikes sentence, the State's interest is not merely punishing the offense of conviction, or the 'triggering' offense: '[I]t is in addition the interest ... in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law.' [Citations.] To give full effect to the State's choice of this legitimate penological goal, our proportionality review of Ewing's

3

sentence must take that goal into account." *Ewing*, 538 U.S. at 29,

155 L. Ed. 2d at 122-23, 123 S. Ct. at 1189-90.

Finally, we noted that the State could not charge defendant with armed violence because armed violence could not be predicated upon armed robbery and because the State lacked authority to prosecute defendant for armed violence predicated upon robbery in light of our supreme court's decision in *Lewis*. *Cummings*, 351 Ill. App. 3d at 349. Accordingly, we affirmed defendant's conviction and sentence of natural life imprisonment. *Cummings*, 351 Ill. App. 3d at 353.

On March 15, 2005, defendant filed a *pro se* petition for postconviction relief alleging that the Habitual Criminal Act was unconstitutional as applied to the facts of his case. Specifically, defendant claimed that the court improperly considered his 1967 murder conviction when sentencing him to life imprisonment as an habitual offender. Defendant asserted that the court was precluded from considering offenses committed between 1963 and 1978 when sentencing him as an habitual criminal because the Habitual Criminal Act was repealed in 1963 and remained dormant until it was reenacted in 1978. Defendant also alleged in his petition that when he pled guilty to murder in 1967, he was not given notice that his conviction could be used to sentence him as an habitual offender. Finally, defendant alleged that the trial court had discretion to sentence him as an habitual offender and that the Habitual Criminal Act violated the prohibition against *ex post facto* laws. The circuit court dismissed defendant's petition as frivolous and patently without merit.

Defendant then filed a motion to reconsider the dismissal of his postconviction petition. Defendant reiterated the arguments raised in his petition, and also claimed that his trial counsel

4

was ineffective for failing to object to defendant's eligibility to be sentenced as an habitual criminal, and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. The circuit court denied defendant's motion for reconsideration. This appeal followed.

The Post-Conviction Hearing Act provides a mechanism by which a defendant may assert that his conviction or sentence resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2004); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). The Act established a three-stage process for adjudication of a postconviction petition. At the first stage, the circuit court determines whether defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief, and the court may summarily dismiss a petition upon finding that it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2004); *Coleman*, 183 Ill. 2d at 380. A postconviction petition is frivolous or patently without merit where its allegations, taken as true, fail to state the gist of a meritorious constitutional claim. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). We review the circuit court's dismissal of a postconviction petition at the first stage of proceedings *de novo*. *Coleman*, 183 Ill. 2d at 388-89.

On appeal, defendant again contends that his sentence for armed robbery is unconstitutional because it violates the proportionate penalties clause of the Illinois Constitution. The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. In analyzing an alleged proportionate penalties

violation, our ultimate inquiry is whether the penalty at issue has been set by the legislature according to the seriousness of the offense. *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005). There are two ways to determine whether a penalty violates the proportionate penalties clause: (1) whether the penalty is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; and (2) whether offenses with identical elements are given different sentences. *Sharpe*, 216 Ill. 2d at 517.

As he did on direct appeal, defendant asserts that under the identical elements test, his sentence for armed robbery is unconstitutionally disproportionate because armed robbery and armed violence predicated on armed robbery committed with a category III weapon are identical offenses that have disproportionate penalties. Defendant points out that armed robbery, for which he was convicted, is a Class X felony punishable by 6 to 30 years' imprisonment (see 720 ILCS 5/18-2(b) (West 2000)), while the identical offense of armed violence predicated on robbery with a category III weapon is a Class 2 felony punishable by three to seven years' imprisonment (see 720 ILCS 5/33A-1(c)(3) (West 2000)).

We observe, however, that defendant did not raise this issue in his postconviction petition. Our supreme court has clearly stated that "[t]he question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations *in the petition*, liberally construed and taken as true, are sufficient to invoke relief under the Act." (Emphasis added.) *People v. Coleman*, 183 Ill. 2d 366, 388 (1998). Moreover, section 122-3 of the Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2004). In light of the prevailing standard of review and the

plain language of section 122-3 of the Act, our supreme court has held that a claim not raised in a postconviction petition may not be asserted for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505 (2004) (*Jones II*); *People v. Jones*, 211 Ill. 2d 140, 148 (2004) (*Jones I*).

Here, because the claim that defendant seeks to raise on appeal was not included in his postconviction petition, it may not be considered. Defendant acknowledges that this claim was not included in his petition, but argues that the issue can be raised on appeal because an unconstitutional statue is void and may be attacked in any court at any time.

While it is true that an unconstitutional statute is void and may be challenged at any time (see *People v. Thompson*, 209 Ill. 2d 19, 25 (2004)), the grounds upon which defendant now asserts that his sentence is unconstitutionally disproportionate were already raised and decided on direct appeal. As previously noted, defendant argued on direct appeal that his sentence for armed robbery was unconstitutional because armed robbery and armed violence predicated on robbery committed with a category III weapon were identical offenses that had disproportionate penalties. *Cummings*, 351 Ill. App. 3d at 346. We rejected defendant's argument and affirmed his conviction and sentence of natural life imprisonment. *Cummings*, 351 Ill. App. 3d at 349. Defendant now advances the identical disproportionate sentencing argument on appeal from the dismissal of his postconviction petition.

However, as our supreme court has explained, a postconviction action is a collateral attack on a prior conviction and sentence, and the scope of such a proceeding is generally limited to constitutional matters that have not been, or could not have been, previously adjudicated. *People v. Rissley*, 206 Ill. 2d 403, 411-12 (2003). Therefore, a postconviction petition may be

summarily dismissed at the first stage of proceedings where defendant's claims are barred by *res judicata*. *People v. Blair*, 215 Ill. 2d 427, 450 (2005). A claim is barred by *res judicata* if it has been previously raised and decided on direct appeal. *Blair*, 215 Ill. 2d at 443-44.

Here, because the claim that defendant raises was previously considered and decided on direct appeal, it is barred by the doctrine of *res judicata*. *Blair*, 215 Ill. 2d at 443-44. Defendant acknowledges that this issue was raised and ruled upon in his direct appeal, but argues that fundamental fairness dictates that *res judicata* not bar consideration of his claim because the law has developed and changed since the filing of his direct appeal and postconviction petition. Specifically, defendant asserts that in *People v. Harvey*, 366 Ill. App. 3d 119 (2006), *appeal allowed*, 221 Ill. 2d 654 (2006), *People v. Hampton*, 363 Ill. App. 3d 293 (2006), *vacated in part*, No. 102413 (April 19, 2007), and *People v. Andrews*, 364 Ill. App. 3d 253 (2006), this court "conceded that its decision in *Cummings* was erroneous, and that, with respect to the identical elements challenge, its reasoning was faulty and unpersuasive."

While we agree with defendant that principles of *res judicata* will not bar relitigation of a claim in a postconviction proceeding where fundamental fairness so requires, we do not find this to be such a case. The cases relied upon by defendant to invoke the fundamental fairness exception involved situations where *res judicata* was relaxed because our supreme court issued a decision after the defendant's conviction and sentence were affirmed on direct appeal which either recognized the right that the defendant relied upon or indicated that the defendant's direct appeal had been wrongly decided.

For example, in *People v. Perruquet*, 181 Ill. App. 3d 660, 661 (1989), the petitioner

argued on direct appeal that he was improperly given an extended-term sentence for aggravated kidnapping. The appellate court rejected that argument and affirmed petitioner's conviction and sentence. *Perruquet*, 181 Ill. App. 3d at 662. However, our supreme court issued an opinion one year after petitioner's direct appeal which "indicated that [the appellate court] had been wrong and that petitioner had been correct about how the extended-term statute should be interpreted." *Perruquet*, 181 Ill. App. 3d at 662. Petitioner subsequently appealed the dismissal of his postconviction petition and advanced the same argument regarding his extended-term sentence as he did on direct appeal. The appellate court noted that principles of *res judicata* would not bar relitigation of a claim in a postconviction proceeding where fundamental fairness so requires, and found that in that case, in light of the supreme court's decision, it would be fundamentally unfair to hold that petitioner's claim was barred by *res judicata*. *Perruquet*, 181 Ill. App. 3d at 663.

Similarly, in *People v. Cowherd*, 114 Ill. App. 3d 894, 896 (1983), the defendant argued on direct appeal that improper testimony was allowed at his trial regarding statements he made during plea negotiations. The appellate court rejected that argument and affirmed defendant's conviction. Our supreme court subsequently issued a decision which recognized the validity of the argument defendant raised on appeal and was "directly contrary to the basis of [the appellate court's] rejection of defendant's contention on his direct appeal." *Cowherd*, 114 Ill. App. 3d at 898. Defendant advanced the same argument regarding improper testimony in a postconviction petition, which the trial court dismissed after finding that defendant's argument had been raised and decided on direct appeal. *Cowherd*, 114 Ill. App. 3d at 898. On appeal, the court rejected the State's argument that *res judicata* barred defendant from raising an issue regarding the

9

improper testimony, and found that because "the basis of defendant's claim [was] predicated upon case law which developed after affirmance of his conviction on direct appeal, fundamental fairness under the circumstances [required] relaxation of the doctrine of *res judicata*." *Cowherd*, 114 Ill. App. 3d at 898.

In this case, unlike in *Perruquet* and *Cowherd*, our supreme court has not issued a decision since the affirmance of defendant's conviction and sentence on direct appeal that either recognized the validity of defendant's argument or indicated that defendant's direct appeal was wrongly decided. Defendant instead points our attention to other appellate court decisions that were issued after his direct appeal was decided. However, appellate court opinions are not binding on other branches of the appellate court, and a court is not bound to follow a decision of an equal or inferior court. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 393 n.2 (2005). " '*[S]tare decisis* requires courts to follow the decisions of higher courts, but does not bind courts to follow decisions of equal or inferior courts.' " *Gillen*, 215 Ill. 2d at 393, n.2, quoting *Schiffner v. Motorola, Inc.*, 297 Ill. App. 3d 1099, 1102 (1998). Additionally, only our supreme court may reverse or overrule a decision of the appellate court, and decisions of intermediate appellate courts are the law of the state or jurisdiction until such decisions are reversed or overruled by the court of last resort. *Gillen*, 215 Ill. 2d at 393, n.2. Therefore, the cases upon which defendant relies cannot stand for the proposition that our decision in defendant's direct appeal was erroneous.

In any event, defendant overstates the relevance of these cases, which are distinguishable from the present case and do not indicate that this court has conceded that its decision in

defendant's direct appeal was erroneous. We first note that *Hampton* provides no support for defendant's argument because our supreme court vacated the relevant portion of that decision. See *People v. Hampton*, No. 102413 (April 19, 2007). Moreover, *Andrews* is a decision of the Second District of this court and *Harvey* is a decision of the third division of the First District of this court, and therefore neither case indicates that this division has conceded that defendant's direct appeal was wrongly decided. Finally, both *Harvey* and *Andrews* are factually distinguishable from the present case. In *Harvey*, 366 Ill. App. 3d at 130, the third division of the First District of this court found that the 25-year mandatory add-on penalty for armed robbery/discharging a firearm and causing great bodily harm violated the proportionate penalties clause because the penalty for that offense was more severe than the penalty for the identical offense of a armed violence predicated on robbery with a category I or category II weapon. In *Andrews*, 364 Ill. App. 3d at 275, the Second District of this court found that the penalty for aggravated vehicular hijacking while carrying a firearm was unconstitutionally disproportionate to the penalty for the identical offense of armed violence with a category I weapon predicated upon the offense of vehicular hijacking.

Unlike the present case, neither *Harvey* nor *Andrews* involved a defendant who was adjudged an habitual criminal based on the commission of three Class X offenses and who was therefore given a mandatory sentence of life imprisonment pursuant to the Habitual Criminal Act. As we noted on direct appeal, in this case defendant's natural life sentence is constitutionally proportionate when considered in context of his history as a violent offender. See *Cummings*, 351 Ill. App. 3d at 348-49. Because neither *Harvey* nor *Andrews* was decided by this division,

and because neither of those cases involved the circumstances presented in defendant's case, we find that these cases are distinguishable and that they do not indicate that defendant's direct appeal was wrongly decided. Accordingly, fundamental fairness does not require us to consider defendant's contention on appeal, which we find to be barred by *res judicata*. See *Blair*, 215 Ill. 2d at 443-44.

Defendant also asserts that this court should consider the issue raised on appeal in the interest of judicial economy. Defendant relies on *People v. Boyd*, 347 Ill. App. 3d 321, 335 (2004), where the sixth division of the First District of this court considered the merits of issues raised for the first time on appeal from the dismissal of defendant's postconviction petition in the interests of judicial economy. However, the decision in *Boyd* was called into doubt by our supreme court's decision in *Jones II*. In *Jones II*, 213 Ill. 2d at 506-08, the supreme court noted the holding in *Boyd* when pointing out that the "appellate court has repeatedly overlooked the waiver language of section 122-3 of the Act and has addressed claims raised for the first time on appeal for various and sundry reasons." The court then stressed that the appellate court was not free, as was the supreme court under its supervisory authority, "to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition" *Jones II*, 213 Ill. 2d at 508. In light of our supreme court's statements in *Jones II*, we decline to consider the merits of defendant's contention in the interest of judicial economy.

Notwithstanding these procedural shortcomings, defendant's disproportionate sentencing argument fails on the merits. Defendant does not dispute our holding in his direct appeal that the

State was not required to proceed on the lesser offense of armed violence predicated on robbery with a category III weapon when its evidence was sufficient to support conviction on the greater offense of armed robbery. See *Cummings*, 351 Ill. App. 3d at 347-48 ("The State is not required to proceed on a lesser offense when its evidence is sufficient to support conviction on a greater offense, *i.e.*, armed robbery"). Moreover, defendant does not dispute that his actions amounted to armed robbery, which is categorized as a Class X offense. Rather, defendant contends that his sentence for armed robbery violates the proportionate penalties clause of the Illinois Constitution because it is disproportionate to the penalty for the identical offense of armed violence predicated on robbery with a category III weapon. Defendant points out that armed robbery is a Class X felony punishable by 6 to 30 years' imprisonment (see 720 ILCS 5/18-2(b) (West 2000)), while the identical offense of armed violence predicated on robbery with a category III weapon is a Class 2 felony punishable by three to seven years' imprisonment (see 720 ILCS 5/33A-1(c)(3) (West 2000)). Defendant's argument that his sentence is disproportionate is therefore based on a comparison of the sentence for armed violence predicated on robbery with a category III weapon to the sentence for armed robbery, and assumes that he was sentenced for his armed robbery conviction.

However, contrary to this assumption, defendant was not sentenced for his armed robbery conviction. Rather, once defendant was found guilty of his third Class X offense, in this case armed robbery, the trial court was without discretion and was required to adjudge him an habitual

criminal and give him a mandatory life sentence pursuant to the Habitual Criminal Act.[1] The Habitual Criminal Act specifically provides that "[e]very person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class X felony *** and is thereafter convicted of a Class X felony *** committed after the 2 prior convictions, *shall* be adjudged an habitual criminal." (Emphasis added.) 720 ILCS 5/33B-1(a) (West 2000). The Habitual Criminal Act also states that "anyone adjudged an habitual criminal *shall* be sentenced to life imprisonment." (Emphasis added.) 720 ILCS 5/33B-1(e) (West 2000). As we noted on direct appeal, our courts have recognized that the Habitual Criminal Act " 'is a constitutional exercise of this State's police power to protect our society from habitually violent and heinous criminals.' " *Cummings*, 351 Ill. App. 3d at 348, quoting *People v. McNeil*, 125 Ill. App. 3d 876, 884 (1984); see also *People v. Hartfield*, 137 Ill. App. 3d 679, 692 (1985) ("Implicit in [the Habitual Criminal Act] is a legislative determination that a three-time offender should be removed from society since he is impervious to the rehabilitative efforts of the State").

As the foregoing makes clear, defendant's comparison of the sentences for armed robbery and armed violence predicated on robbery with a category III weapon is inapplicable in this case because defendant was not given the corresponding Class X sentence for armed robbery. Moreover, a comparison of armed robbery to the identical offense of armed violence predicated on robbery with a category III weapon is inappropriate in this case because defendant was not

---

[1]We note that defendant raises no issue as to the constitutionality of the Habitual Criminal Act or to his eligibility to be adjudged an habitual criminal based on his three convictions for Class X offenses.

sentenced for his armed robbery conviction, but rather, defendant was adjudged an habitual criminal and sentenced to life imprisonment based upon his convictions for three violent Class X offenses, including his current armed robbery conviction as well as his previous convictions for murder and armed robbery. Moreover, defendant has not cited any authority in which being adjudged an habitual offender was compared to an offense such as armed violence for purposes of an identical elements challenge under the proportionate penalties clause and, under the circumstances presented here, we find no basis to make such a comparison. Accordingly, we reject defendant's contention that his sentence of natural life imprisonment is unconstitutionally disproportionate.

We finally note that, while defendant's appeal from the dismissal of his postconviction petition was pending, our supreme court issued its decision in *People v. Hauschild*, No. 102468 (June 7, 2007). After reviewing this case, we do not believe that *Hauschild* compels us to conclude that defendant's sentence of natural life imprisonment is unconstitutionally disproportionate.

In *Hauschild*, defendant was charged with, among other things, armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)). Defendant was subsequently found guilty of attempted murder, armed robbery and home invasion and was sentenced to 12 years' imprisonment for armed robbery. Our supreme court initially found that defendant's armed robbery sentence was void because it did not contain the mandatory 15-year sentence enhancement for armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2), (b) (West 2000)), and held that the proper remedy was to remand the cause to the trial court for a new

sentencing hearing. *Hauschild*, slip op. at 11. Given that holding, the court noted that it was required to consider defendant's contention that sentencing him to an enhanced term for armed robbery violated the proportionate penalties clause. Specifically, defendant contended that his conviction for armed robbery while armed with a firearm was more severe than the sentence for the equivalent offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-3(a), (a-5) (West 2000)). *Hauschild*, slip op. at 12.

The court compared the penalties for the identical offenses of armed robbery while armed with a firearm and armed violence predicated on robbery with a category I or category II weapon. The court noted that a violation of the armed robbery statute, with the "add-on penalty" of 15 years, carried a sentence of between 21 and 45 years' imprisonment, while a violation of section 33A-2(a) of the armed violence statute was punishable by a sentence ranging from 15 to 30 years' imprisonment. *Hauschild*, slip op. at 16. The court then found that defendant's sentence for armed robbery while armed with a firearm violated the proportionate penalties clause because the penalty for that offense was more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon. *Hauschild*, slip op. at 16.

The court went on to affirm the principal that "the State is not required to proceed on a lesser offense when there is evidence sufficient to convict of a greater offense," but noted that the penalty for that greater offense was still subject to the constitutional prohibition against disproportionate penalties for identical offenses. *Hauschild*, slip op. at 16, citing *Cummings*, 351 Ill. App. 3d at 347-48. Therefore, the court noted that in that case, "while the State was not

required to charged defendant with the 'lesser offense' of armed violence predicated on robbery with a category I or category II weapon, because the evidence at trial clearly established, and defendant does not contest, his guilt of armed robbery while armed with a firearm, we must determine the appropriate sentence for this latter offense given the proportionate penalties violation." *Hauschild*, slip op. at 17. The court then remanded the cause for resentencing in accordance with the armed robbery statute as it existed prior to the amendment adding the 15-year enhancement. *Hauschild*, slip op. at 18.

We believe that *Haushchild* supports our conclusion that defendant's sentence of natural life imprisonment is not unconstitutionally disproportionate. In *Haushchild*, by remanding for resentencing on the armed robbery conviction rather than reversing that conviction, our supreme court reaffirmed that the State may proceed with the greater offense where two offenses contain identical elements but are punished disproportionately, and that a subsequent conviction for the greater offense is proper even when that offense contains a sentence that is greater than an offense containing identical elements. Accordingly, in this case, defendant's conviction for the Class X offense of armed robbery was entirely proper, notwithstanding that armed robbery is punished more severely than the identical offense of armed violence predicated on robbery with a category III weapon. Moreover, the court in *Hauschild* remanded for resentencing because defendant was sentenced for armed robbery and the penalty for that offense was greater than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon. Here, unlike in *Hauschild*, defendant was not given the corresponding Class X sentence for the greater offense of armed robbery but, rather, as noted, was given a natural life sentence

because his third Class X conviction required him to be adjudged an habitual criminal and given a sentence of natural life pursuant to the Habitual Criminal Act. In light of the foregoing, we believe that defendant's sentence is consistent with the decision in *Hauschild* and is not unconstitutionally disproportionate.

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CAHILL and R. GORDON, JJ., concur.