# Illinois Official Reports

## Appellate Court

---

**People v. Ligon, 2014 IL App (1st) 120913**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS LIGON, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-0913 |
| Filed | June 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's sentence to mandatory life imprisonment as an habitual criminal following his conviction for aggravated vehicular hijacking with a dangerous weapon, a bludgeon, his third Class X felony conviction, was vacated pursuant to his petition under section 2-1401 of the Code of Civil Procedure, alleging, for the first time, that his sentence violated the proportionate penalties clause because the charged offense had the same elements as the Class 1 offense of armed violence predicated on vehicular hijacking with a dangerous weapon but was punished more severely, since the allegation was not forfeited but, rather, raised a claim that was not subject to waiver, namely, that the sentence was void, and based on the disparate nature of the sentences for the identical offenses, the cause was remanded to allow defendant to be sentenced as a Class 1 offender pursuant to the armed violence statute, regardless of the State's claim that the decision would frustrate the legislature's intent and render both the aggravated vehicular hijacking statute and the habitual criminal statute "ineffective." |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 01-CR-2559; the Hon. James Michael Obbish, Judge, presiding. |
| Judgment | Reversed, sentence vacated, and cause remanded. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Patrick F. Cassidy, all of State Appellate Defender's Office, of Chicago, for appellant. |
|---|---|
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, Veronica Calderon Malavia, and Kathryn A. Schierl, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1    A jury found the defendant, Dennis Ligon, guilty of aggravated vehicular hijacking with a dangerous weapon, a Class X felony, under section 18-4(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/18-4(a)(3) (West 2004)). Determining that this was the defendant's third Class X felony conviction, the court sentenced him to a term of mandatory life imprisonment as an habitual criminal under section 33B-1 of the Code (720 ILCS 5/33B-1(a), (e) (West 2004)). The defendant filed a petition for relief from judgment (petition) under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), contending that his sentence violated the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 11). The trial court dismissed his petition, and the defendant now appeals. We reverse the judgment of the trial court, vacate the defendant's sentence, and remand for further proceedings.

¶ 2    The facts of this case have been recited in detail in the defendant's direct appeal (*People v. Ligon*, 365 Ill. App. 3d 109 (2006)), and we therefore set forth only those facts necessary to consider the issues raised here. In 2003, the defendant was charged with aggravated vehicular hijacking "while armed with a dangerous weapon other than a firearm," in violation of section 18-4(a)(3) of the Code. The evidence established that, on December 16, 2000, the defendant used a BB gun, which could have been employed as a bludgeon, to force the victim to turn over the keys to her pickup truck. The defendant then drove the vehicle away. The jury convicted the defendant of aggravated vehicular hijacking. On June 11, 2003, the State petitioned to have the defendant found to be an habitual criminal under section 33B-1(a) of the Code, based upon the fact that this was his third conviction for a Class X offense. The trial court agreed, and following the denial of the defendant's posttrial motions, adjudged the defendant an habitual offender, and sentenced him to natural life in prison pursuant to section 33B-1(e). See 720 ILCS 5/33B-1(a), (e) (West 2004).

¶ 3    The defendant appealed his conviction to this court, and we affirmed. *People v. Ligon*, 365 Ill. App. 3d 109. His arguments on appeal included the contention that the habitual criminal law as applied to him deprived him of his constitutional right to a jury and to due process. *Id.* at 126. The defendant's subsequent petition for leave to appeal was denied by the supreme court (*People v. Ligon*, 221 Ill. 2d 658 (2006) (table)), as was his petition for a writ of *habeas corpus* (*Ligon v. Jones*, No. 06 C 5862, 2007 WL 2351228 (N.D. Ill. Aug. 14, 2007)).

¶ 4    On March 8, 2007, the defendant filed a *pro se* postconviction petition which was summarily dismissed by the trial court. The defendant again appealed, and this court affirmed, further finding that defendant did not have a constitutional right to the assistance of court-appointed counsel in preparing that petition. *People v. Ligon*, 392 Ill. App. 3d 988, 1000 (2009), *aff'd*, 239 Ill. 2d 94 (2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1698 (2011).

¶ 5    The defendant then filed the section 2-1401 petition at issue in this appeal, maintaining, for the first time, that his sentence was void as a violation of the proportionate penalties clause of the Illinois Constitution. The defendant argued that the Class X offense of aggravated vehicular hijacking has identical elements of proof as the Class 1 offense of armed violence predicated on vehicular hijacking with a dangerous weapon. Accordingly, under the mandate of the proportionate penalties clause, he should have been sentenced for the Class 1 offense. The trial court dismissed the petition, finding that the defendant forfeited his constitutional challenge by failing to raise it in his direct appeal or postconviction petitions, and that, despite forfeiture, his legal arguments were not the proper subject of a petition for relief from judgment under section 2-1401. The instant appeal followed.

¶ 6    The defendant argues that his Class X conviction and sentence for aggravated vehicular hijacking violate the proportionate penalties clause of the Illinois Constitution, because aggravated vehicular hijacking is punished more severely than the identical offense of armed violence predicated on vehicular hijacking with a dangerous weapon. Accordingly, the argument continues, as an armed violence conviction is classified only as a Class 1 or 2 offense, he should not have been sentenced to mandatory life imprisonment under the habitual offender statute. We agree.

¶ 7    Preliminarily, we take issue with the trial court's dismissal of this case on the basis of forfeiture. Our supreme court has upheld a defendant's right to challenge a sentencing scheme as a violation of the proportionate penalties clause at any time in the proceedings. *People v. Guevara*, 216 Ill. 2d 533, 542 (2005). Such a violation renders the scheme void *ab initio* and not subject to waiver. *Id.* Further, a challenge alleging a void sentence is the proper subject of a section 2-1401 petition. See *People v. Harvey*, 196 Ill. 2d 444, 447 (2001). We conclude, therefore, that the court should have reached the merits of the petition.

¶ 8    In determining whether a proportionate penalties violation has been established, the primary inquiry is whether the "legislature has set the sentence in accord with the seriousness of the offense." *Guevara*, 216 Ill. 2d at 543. A sentence violates the proportionate penalties clause if (1) it is cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community, or (2) it is greater than the sentence for a different offense comprised of identical elements. *Id.* In upholding the "identical elements" test, the supreme court has consistently observed that, if the legislature " 'determines that the exact same elements merit two different penalties, then one of these penalties has not been set in

accordance with the seriousness of the offense.' " *People v. Clemons*, 2012 IL 107821, ¶ 30 (quoting *People v. Sharpe*, 216 Ill. 2d 481, 522 (2005)); *People v. Christy*, 139 Ill. 2d 172 (1990). An expectation of identical penalties for identical offenses comports with "common sense and sound logic," and also gives effect to the plain language of the Illinois Constitution. See *Christy*, 139 Ill. 2d at 181; see also *Clemons*, 2012 IL 107821, ¶ 30. The question of whether a statute violates the proportionate penalties clause is reviewed *de novo*. *People v. Hauschild*, 226 Ill. 2d 63 (2007).

¶ 9 Section 18-4(a)(3) defines aggravated hijacking as the taking of a motor vehicle from another by the use or threat of force while "armed with a dangerous weapon" other than a firearm. 720 ILCS 5/18-4(a)(3) (West 2004). Correspondingly, the Code in effect at the time of the defendant's actions defines armed violence as the commission of any felony, with several exceptions,[1] while "armed with a dangerous weapon." 720 ILCS 5/33A-2(a) (West 2004). "Dangerous weapons" are divided into three categories, with categories I and II consisting of various firearms, and category III expressly including a bludgeon, which was the basis for the defendant's conviction here. 720 ILCS 5/33A-1(c) (West 2004). For purposes of the identical elements test, we conclude that the offense of aggravated vehicular hijacking with a bludgeon is identical to armed violence based upon vehicular hijacking with a bludgeon. See *People v. Andrews*, 364 Ill. App. 3d 253, 275 (2006); *People v. Williams*, 2012 IL App (1st) 100126 (aggravated vehicular hijacking with a firearm held identical to armed violence predicated upon simple vehicular hijacking with a firearm); see also *Hauschild*, 226 Ill. 2d 63 (substantive offense of armed robbery identical to armed violence based upon robbery while armed with a firearm).

¶ 10 The respective penalties for these offenses, however, are disparate, with aggravated hijacking uniformly designated a Class X felony, and armed violence based upon vehicular hijacking with a category III weapon designated as either a Class 1 or 2 felony. 720 ILCS 5/33A-3(b) (West 2004). Therefore, the defendant's sentence for aggravated vehicular hijacking is disproportionate to that for the identical offense of armed violence, and cannot stand under longstanding precedent. *People v. Span*, 2011 IL App (1st) 083037; see *Clemons*, 2012 IL 107821; *Christy*, 139 Ill. 2d 172.

¶ 11 In determining the appropriate remedy in this case, there is less guidance, owing to revisions to the armed violence statute in response to proportionate penalties challenges. See, *e.g.*, *Williams*, 2012 IL App (1st) 100126. In the majority of cases, proportionate penalties claims were brought as the result of statutory amendments which added sentencing enhancements to the offending statutes. In those cases, the proper remedy was to vacate the sentence, and remand for resentencing in accordance with the statute as it was written before the amendment. *Span*, 2011 IL App (1st) 083037, ¶ 109; see *Christy*, 139 Ill. 2d 172; *Andrews*, 364 Ill. App. 3d at 275; *Williams*, 2012 IL App (1st) 100126. This case, by contrast, is not premised upon any such amendment, as aggravated vehicular hijacking has

[1]Among the exceptions are aggravated vehicular hijacking and armed robbery. However, although these offenses cannot serve as predicate offenses to armed violence, the legislature did not specifically bar vehicular hijacking or robbery from forming the basis of such an offense. Accordingly, aggravated vehicular hijacking and armed robbery can properly be compared with armed violence based upon simple vehicular hijacking and robbery for purposes of a proportionate penalties claim. *Clemons*, 2012 IL 107821, ¶ 14.

remained a Class X offense since its inception. Accordingly, we follow the holding in *People v. Christy*, 188 Ill. App. 3d 330, 334 (1989), *aff'd*, 139 Ill. 2d 172, wherein we ruled that the defendant must be sentenced under the lesser of the two identical offenses, even if that lesser offense was uncharged. Consequently, we agree with the defendant that, here, his sentence for aggravated vehicular hijacking must be vacated, and he must be sentenced as a Class 1 offender under the armed violence statute.[2]

¶ 12    The State argues that the effect of our decision in this case would lead prosecutors to refrain from charging defendants under the aggravated vehicular hijacking statute and to opt instead for prosecution under the armed violence statute, frustrating the intent of the legislature by leading to an "ineffective" aggravated vehicular hijacking statute, as well as an ineffective habitual criminal statute. The State further asserts, relying upon our decisions in *People v. Cummings*, that this case is distinguishable from *Christy*, because in *Christy*, unlike here, the defendant had been charged with the lesser offense, and was not subject to sentencing as an habitual criminal.

¶ 13    In *Cummings*, the defendant alleged that his sentence for armed robbery with a dangerous weapon was unconstitutionally disproportionate to the offense of armed violence predicated on robbery with a bludgeon. As it was his third Class X offense, he was sentenced as an habitual offender. On appeal, this court rejected the defendant's proportionality challenge, finding that he was "not sentenced for his armed robbery conviction," but rather, as an habitual offender, and therefore, the comparison of the sentences for armed violence and armed robbery was inapplicable. *People v. Cummings*, 375 Ill. App. 3d 513, 521-22 (2007). The court further noted, in the defendant's earlier appeal, that the prosecutor had properly exercised its discretion to charge the defendant only with the more serious offense of armed robbery, and was not required to proceed on a lesser charge. *People v. Cummings*, 351 Ill. App. 3d 343, 347-48 (2004).

¶ 14    We question the vitality of *Cummings* in light of the supreme court's ongoing reaffirmation of the identical elements test, despite efforts to denounce it as unworkable, inconsistent with our constitution, and an affront to the power of the General Assembly and to prosecutorial discretion. See *Clemons*, 2012 IL 107821; *People v. Lewis*, 175 Ill. 2d 412, 422 (1996). While we agree that the State need not proceed on a lesser offense when there is sufficient evidence to convict on a greater one, this court cannot relax the prohibition against different penalties for identical crimes merely because the State elects to proceed exclusively on the offense carrying a greater penalty. See *Lewis*, 175 Ill. 2d at 422. Thus, we must reject the State's argument.

¶ 15    For the foregoing reasons, we reverse the judgment of the circuit court, vacate the defendant's sentence, and remand for resentencing in accordance with this opinion.

¶ 16    Reversed, sentence vacated, and cause remanded.

---

[2]We note that, in any event, this issue has become moot. In 2007, the armed violence statute was amended to specifically exclude vehicular hijacking from serving as a predicate to that offense. See Pub. Act 95-688, § 4 (eff. Oct. 23, 2007) (amending 720 ILCS 5/33A-2, 33A-3). Thus, there is no longer any overlap between the offense of armed violence and section 18-4(a)(3) (720 ILCS 5/18-4(a)(3) (West 2004)), and the proportionate penalties infirmities at issue here no longer exist.