2015 IL App (1st) 121867

FIRST DIVISION
January 20, 2015

No. 1-12-1867

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos. 85 C 6031 |
| | ) | 85 C 6032 |
| | ) | 85 C 6033 |
| | ) | 85 C 6034 |
| v. | ) | 85 C 6035 |
| | ) | 85 C 6036 |
| | ) | 85 C 6037 |
| | ) | 85 C 6038 |
| | ) | 85 C 6039 |
| | ) | |
| WILLIE DAVIS, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Willie Davis appeals from an order of the circuit court of Cook County denying his *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1401 (West 2008). The record shows that in 1985, defendant was separately charged with armed robbery in cases No. 85 C 6031 and No. 85 C 6039, and

found guilty after two separate jury trials. Defendant was then adjudicated a habitual criminal, and sentenced to terms of natural life imprisonment pursuant to the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, ¶ 33B-1). This court affirmed those judgments on direct appeal. *People v. Davis*, 205 Ill. App. 3d 865 (1990); *People v. Davis*, No. 1-87-0045 (1989) (unpublished order under Supreme Court Rule 23). Defendant subsequently filed numerous collateral challenges to those judgments, all of which were unsuccessful. See, *e.g.*, *People v. Davis*, No. 1-95-4289 (1997) (unpublished order under Supreme Court Rule 23); *People v. Davis*, No. 1-06-0964 (2007) (unpublished order under Supreme Court Rule 23); *People v. Davis*, No. 1-10-3330 (2012) (summary order).

¶ 2     On March 7, 2012, defendant filed a *pro se* petition for relief from judgment, alleging that he did not receive notice within 10 days of the denial of his 2008 motion for leave to file a successive postconviction petition and that, as a consequence, he was denied his right to appeal. The circuit court denied the petition, finding that the record rebutted defendant's claimed lack of timely notice and that, "[e]ven if [his] claim *** is true, the clerk's tardy notice does not result in a void order." Defendant filed notice of appeal from that ruling and was appointed counsel to assist him.

¶ 3     In this appeal, defendant abandons the claims in the underlying petition and instead contends that his convictions and sentences violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), because the Class X offenses of armed robbery for which he was convicted carry more severe penalties than do the "identical" Class 2 offenses of armed violence predicated on robbery with a category II weapon.

¶ 4    As an initial matter, the State contends that defendant has forfeited review of this issue by failing to raise it in the underlying petition.  Defendant replies that he is not barred from seeking relief because he is attacking a void judgment, which may be challenged at any time.

¶ 5    If a sentencing provision violates the proportionate penalties clause, then it is void *ab initio*.  *People v. Guevara*, 216 Ill. 2d 533, 542 (2005).  A claim that a judgment is void is not subject to waiver and can be raised at any time, either directly or collaterally (*People v. Thompson*, 209 Ill. 2d 19, 27 (2004)), including for the first time on appeal (*People v. Spears*, 371 Ill. App. 3d 1000, 1007 (2007)).  Accordingly, we conclude that defendant is not precluded from raising the voidness issue on appeal, even though he failed to include it in his section 2-1401 petition.  *Guevara*, 216 Ill. 2d at 542-43.

¶ 6    In determining whether a proportionate penalties violation has been established, the primary inquiry is whether the "legislature has set the sentence in accord with the seriousness of the offense."  *Id.* at 543.  A sentence violates the proportionate penalties clause if (1) it is cruel, degrading, or so wholly disproportionate to the offense that it shocks the moral sense of the community, or (2) it is greater than the sentence for a different offense comprised of identical elements.  *Id.*

¶ 7    In upholding the "identical elements" test, the supreme court has observed that, if the legislature " 'determines that the exact same elements merit two different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense.' "  *People v. Clemons,* 2012 IL 107821, ¶ 30 (quoting *People v. Sharpe,* 216 Ill. 2d 481, 522 (2005); *People v. Christy,* 139 Ill. 2d 172 (1990)).  "An expectation of identical penalties for identical offenses comports with 'common sense and sound logic,' and also gives effect to the plain language of the Illinois Constitution."  *People v. Ligon*, 2014 IL App (1st) 120913, ¶ 8 (quoting *Christy,* 139

Ill. 2d at 181). The question of whether a statute violates the proportionate penalties clause is reviewed *de novo*. *People v. Hauschild,* 226 Ill. 2d 63 (2007).

¶ 8    In arguing that his convictions for armed robbery violate the proportionate penalties clause, defendant compares the offense of armed robbery to armed violence predicated on robbery with a category II weapon, and contends that the offenses have identical elements. To convict defendant of Class X armed robbery in the cases below, the State was required to prove that he committed the offense of robbery while armed with a dangerous weapon. Ill. Rev. Stat. 1985, ch. 38, ¶ 18-2(a), (b). By contrast, a person commits "armed violence" when, "while armed with a dangerous weapon, he commits any felony defined by Illinois Law." Ill. Rev. Stat. 1985, ch. 38, ¶ 33A-2. If that "dangerous weapon" is a category I weapon including a firearm, that person has committed a Class X felony. Ill. Rev. Stat. 1985, ch. 38, ¶¶ 33A-1(b), 33A-3(a). If, however, that person is armed with a category II, "bludgeon, blackjack, slingshot, *** or other dangerous weapon of like character" the offense is a Class 2 felony, punishable by three to seven years' imprisonment. Ill. Rev. Stat. 1985, ch. 38, ¶¶ 33A-1(c), 33A-3(b).

¶ 9    Defendant observes that the "respective juries were not asked to identify the 'dangerous weapon' that was used during the offense[s]" and contends that there was no evidence that the weapon met the statutory definition of a firearm; as such, "the only logical conclusion is that the 'dangerous weapon[s]' " in the cases below were category II weapons, namely, "bludgeon[s]" or other dangerous weapons "of like character." Defendant thus contends that his armed robbery convictions should be compared to the Class 2 felony offense of armed violence, which carries a less severe penalty than Class X armed robbery. We disagree with defendant's basic premise.

¶ 10    It is clear from the trial records that the main issue in each case was whether the weapon that was brandished by defendant during the robberies was a real or toy gun. In its opening

statements in case No. 85 C 6031, the State acknowledged that the toy gun found on defendant at the time of his arrest was not a dangerous weapon, but argued that the evidence would show that it was not the gun used during the offense. In both cases, the defense presented the theory that the weapon used during the robberies was merely a toy gun and, thus, not a "dangerous weapon." In doing so, defendant highlighted evidence of that toy gun found in his possession, and of his confession that followed, in which he stated that he had used a toy gun during the robberies.

¶ 11    The transcript of defendant's trial in case No. 85 C 6039 shows that Delores Collins testified that she was working at a fast-food restaurant when defendant entered and pulled out a "big," "dark-colored" gun from a paper bag and pointed it at her. Collins admitted that she was not familiar with guns, but she stated that it "wasn't made of plastic. It wasn't a funny gun, it was the real thing." She stated that it had a "big thing on the outside where the bullets go in it." Similarly, in case No. 85 C 6031, Della White testified that she was working at a fast-food restaurant when defendant approached the counter, pulled a metal gun with a silver barrel from a paper bag, and told her to put money in the bag. She stated that the gun was "silver," "shiny" and appeared to be "a real gun." Both witnesses unequivocally testified that the gun they saw was real, and not the toy gun recovered during defendant's arrest.

¶ 12    After considering the evidence presented, the respective juries returned verdicts convicting defendant of both armed robberies. In doing so, they clearly rejected defendant's version of events, including his argument that the weapon at issue was merely a toy gun, and we do not find that conclusion to be inherently unreasonable. Both the supreme court and this court have consistently held that eyewitness testimony that the offender was armed with a gun, combined with circumstances under which the witness was able to see the weapon, is sufficient to allow a reasonable inference that the weapon was a real gun. *People v. Washington*, 2012 IL

107993, ¶¶ 35-36; *People v. Malone*, 2012 IL App (1st) 110517, ¶ 51; *People v. Toy*, 407 Ill. App. 3d 272, 289 (2011).

¶ 13    We thus conclude that defendant's Class X felony armed robbery convictions may not properly be compared to the Class 2 felony offense of armed violence with a category II weapon, as defendant requests.  When defendant's convictions are compared to the more apt Class X offense of armed violence predicated on robbery while armed with a category I firearm, it is clear that no disproportionality exists, as a conviction under either statute would be a Class X felony subjecting defendant to a mandatory natural life sentence as a habitual offender.  Ill. Rev. Stat. 1985, ch. 38, ¶¶ 18-2(b), 33A-3(a), 33B-1, 1005-8-1.  We thus find no proportionate penalties clause violation in this case.

¶ 14    In so holding, we find *Christy*, *People v. Span*, 2011 IL App (1st) 083037, and *Ligon*, relied on by defendant, distinguishable from the case at bar.  In *Christy*, the supreme court held that because the commission of kidnapping while armed with a knife constituted both aggravated kidnapping and armed violence, the penalties for aggravated kidnapping and armed violence were unconstitutionally disproportionate where they had different sentencing ranges.  *Christy*, 139 Ill. 2d at 181.  In *Span*, this court concluded that attempted armed robbery with a bludgeon and attempted armed violence predicated on robbery while armed with a bludgeon have identical elements, and thus violate the proportionate penalties clause where they were punished differently.  *Span*, 2011 IL App (1st) 083037, ¶ 105.  Similarly, in *Ligon*, this court determined that defendant's sentence violated the proportionate penalties clause where aggravated vehicular hijacking while armed with a bludgeon was punished more harshly than the identical offense of armed violence based upon vehicular hijacking with a bludgeon.  *Ligon*, 2014 IL App (1st) 120913, ¶¶ 9-10.  In those cases, however, the courts did not compare defendants' convictions to

armed violence offenses predicated on a lesser category of weapon than the one that was established to have been used during the offense, as defendant would have us do here.

¶ 15    For the reasons stated, we affirm the denial of defendant's petition for relief from judgment under section 2-1401 of the Code.

¶ 16    Affirmed.